Before STATE INDUSTRIAL BOARD, Respondent.

GRANT LEWIS, Respondent, *v.* LINCOLN ENGINEERING CORPORATION, Appellant.

Third Department, July 1, 1925.

Workmen's compensation — award — claimant suffered prior injury to foot — evidence shows present loss is sixty-five per cent of use and that thirty per cent thereof was caused by prior injury — error under Workmen's Compensation Law of 1922, § 15, subd. 7, to make award on basis of permanent loss of use of sixty-five per cent of foot.

It was error for the State Industrial Board to make an award to the claimant on the basis of a permanent loss of use of sixty-five per cent of his left foot, for the award is in violation of subdivision 7 of section 15 of the Workmen's Compensation Law of 1922, since it appears that the claimant suffered a prior injury to the same foot and the evidence shows that thirty per cent of the sixty-five per cent of loss of use now existing was caused by the prior injury. Therefore, the schedule award is reduced from sixty-five per cent to thirty-five per cent loss of use of claimant's left foot.

APPEAL by Lincoln Engineering Corporation from an award of the State Industrial Board, made on the 21st day of November, 1924.

*Watts, Oakes & Bright* [*S. W. Eager, Jr.,* of counsel], for the appellant.

*Robert C. Barnett,* for the claimant, respondent.

*Albert Ottinger, Attorney-General,* for the respondent State Industrial Board.

MCCANN, J.:

The only question raised on this appeal is that of the improper percentage basis adopted for the loss of use for the left foot. The respondent has filed no brief. On the hearing before the referee no witnesses were produced by respondent. The findings are to the effect that as the result of the injury in question on May 26, 1924, claimant suffered a permanent loss of use of sixty-five per cent of his left foot. The only witness on this proposition was Dr. Townsend who testified: " He has an old deformity of the foot with some loss of toes and with old scar tissue, as the result of a previous injury. This injury that he received has added to his impaired joint function in that ankle and in that foot." He also testified: " It is mighty hard to differentiate where the old injury left off and the added impairment of the new injury begins. He has lost the big toe. He has impairment of the functions of the joints of

35

the foot which he has had for years. He has had this second injury which has added to his trouble;" also that the injury was permanent; that he had sustained sixty-five per cent loss of use of the left foot; that in his opinion thirty per cent of such loss of use existed before the injury and that the sixty-five per cent loss of the foot existing at the time the testimony was given was not all due to the last injury. This testimony is not disputed. The Board has made an award for the full amount of loss in violation of the provisions of section 15, subdivision 7, of the Workmen's Compensation Law of 1922, which provides: " An employee who is suffering from a previous disability shall not receive compensation for a later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with the previous disability."

I recommend that the award be modified by reducing the schedule award from sixty-five per cent to thirty-five per cent loss of the use of the claimant's foot, and as so modified affirmed, on the ground that the schedule loss of use of the foot as awarded includes the former loss of use of the foot and that in making the award the injury was not considered by itself but in conjunction with the previous disability in violation of the Workmen's Compensation Law of 1922 (§ 15, subd. 7), without costs.

Award modified in accordance with opinion, and as so modified unanimously affirmed, without costs.